**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN THE MATTER OF:<br><br>JOHN E. GROFF | CHAPTER 7<br><br>CASE No. 1:21-bk-19351-ABA |

**MOVANT JAVIER NAVA'S MOTION TO REMAND TO THE**
**SUPERIOR COURT OF CAMDEN COUNTY, NEW JERSEY**

Movant, Javier Nava (hereinafter "Movant"), hereby files this Motion to Remand to the Superior Court of Camden County, New Jersey, and in support thereof, avers the following:

1. This matter arises from the severe and pervasive sexual harassment and discrimination Movant, Javier Nava ("Movant"), suffered by John Groff ("Groff"), during the course and scope of Groff's performance of duties as an employee of Defendants, The Law Offices of Conrad J. Benedetto and Conrad J. Benedetto ("Benedetto Defendants").

2. Movant is a survivor of the horrific mass shooting that took place at Pulse Nightclub in Orlando, Florida on June 12, 2016. Shortly after his traumatic experience, Defendants contacted Movant to discuss legal action as a direct and proximate result of his presence during the mass shooting at Pulse Night Club. Specifically, Defendant Groff, an employee and representative of Benedetto Defendants, had contacted Movant and advised Movant that he had viable legal causes of action. At this time, Movant retained the Law Offices of Conrad J. Benedetto and Conrad J.

Benedetto to represent his interests in a civil lawsuit, as it relates to the mass shooting at Pulse Nightclub.

3. Soon after Movant retained Defendants Conrad J. Benedetto and Benedetto Firm, Defendant Groff began sexually harassing Movant in violation of the NJLAD. On December 6, 2018, Movant, by and through counsel, initiated this matter by filing a Civil Complaint in the Camden County Superior Court of New Jersey. Movant then filed an Amended Complaint on or about May 14, 2019. *See* a true and correct copy of Movant's Amended Complaint attached hereto as Exhibit "A".

4. On or about January 19, 2021, Movant, by and through counsel, filed a Request for Default against Defendant Groff pursuant to N.J. Ct. R. 4:43-1 for failure to plead, otherwise defend, or show any good faith effort to participate in litigation, which was entered the same day by the Superior Court of Camden County, New Jersey. *See* a true and correct copy of Movant's Request for Default and Notice of Default Entered attached hereto as Exhibits "B" and "C", respectively.

5. On or about July 19, 2021, Movant moved pursuant to N.J. Ct. R. 4:43-2(b) seeking a proof hearing to determine the amount of damages appropriate from Defendant Groff. *See* a true and correct copy of Movant's Motion for Proof Hearing attached hereto as Exhibit "D".

6. On or about August 3, 2021, a proof hearing was scheduled for December 7, 2021, in the Camden County Superior Court. *See* a true and correct copy of a Court Notice Scheduling Hearing attached hereto as Exhibit "E".

7. On December 3, 2021, Defendant Groff filed a chapter 7 bankruptcy petition with the United States Bankruptcy Court for the District of New Jersey, which stayed Movant's civil

2

action against Groff. The bankruptcy case was assigned case number 21-19351-ABA. *See* a true and correct copy of a Defendant Groff's Bankruptcy Petition attached hereto as Exhibit "F".

8. On January 28, 2022, Benedetto Defendants filed a letter to the Superior Court of Camden County, New Jersey, indicating that their erroneous belief that the action against them was automatically stayed pursuant to 11 U.S.C. § 362. *See* a true and correct copy of this correspondence attached hereto as Exhibit "G".

9. On or about February 23, 2022, after receiving instruction from the Superior Court to file a motion if they legitimately believed there existed a basis for proceedings to be stayed as to all parties due to Groff's bankruptcy petition, Benedetto Defendants filed a formal Motion to Stay the action against them. *See* a true and correct copy of Benedetto Defendants' Motion to Stay attached hereto as Exhibit "H".

10. On or about March 8, 2022, Benedetto Defendants then filed an untimely and fraudulent Notice of Removal to the Bankruptcy Court for the District of New Jersey, pursuant to 28 U.S.C. § 1409, claiming that the action against Benedetto Defendants is a "core proceeding" in the Groff Bankruptcy Court matter. *See* a true and correct copy of Benedetto Defendants' Notice of Removal attached hereto as Exhibit "I".

11. Benedetto Defendants subsequently withdrew its Motion to Stay in the Superior Court of Camden County, New Jersey, on March 9, 2022.

12. Once a case has been removed, a Movant may seek remand pursuant to 28 U.S.C. § 1447(c). "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion to remand based on a defect in the removal procedure—such as untimeliness—must be filed within thirty days after the filing of the notice of removal under §

1446(a). 28 U.S.C. § 1447(c).  In ruling on a motion to remand, the district court "evaluate[s] the propriety of removal based on the state of the case at the time of filing of the notice of removal." Federal "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Allen v. GlaxoSmithKline PLC*, 2018 WL 2247067 (E.D. Pa. 2008) (Baylson, J.). The Third Circuit interprets "all doubts" to mean that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." *Id.* at *2. The "removing party bears the burden of proving the existence of federal subject matter jurisdiction." *Id.*

13.     This matter must be remanded to the Superior Court of Camden County, New Jersey, because it is both untimely and fraudulent—having absolutely no basis in the law and done in bad faith.

14.     Pursuant to 28 U.S.C. § 1446(b):

(1) The notice of a removal of a civil action or proceeding **shall be filed within 30 days after receipt by the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

(3) . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed **within 30 days after receipt by the defendant**, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

15.     The thirty-day period begins to run when a defendant can reasonably and intelligently conclude from the pleadings the presence of federal jurisdiction. *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 467 (D.N.J. 2013) (quoting *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998)).

16.     Therefore, even if—and Movant is certainly not conceding this point, as discussed below—Defendant Groff's bankruptcy petition was an "other paper" that would make the action

4

against Benedetto Defendants removable, the Notice of Removal was filed 95 days after the bankruptcy petition was filed and 39 days after Benedetto Defendants filed a letter with the Superior Court regarding that petition.

17. It is unknown when Benedetto Defendants actually received notice of Defendant Groff's bankruptcy petition, which is when the thirty-day time limit would begin to run. *Costa*, 936 F. Supp. 2d at 467 n.10. However, it is clear that Benedetto Defendants knew of this petition from at least January 28, 2022, when they filed the above-referenced letter in the Camden County Superior Court. Thus, by any calculus, Benedetto Defendants' removal is untimely. Therefore, this matter must be remanded to the Camden County Superior Court.

18. Furthermore, Benedetto Defendants have fraudulently removed this matter to the District Court. This action must be remanded as there is absolutely no cognizable basis in the law for removal. Accordingly, Benedetto Defendants must also be ordered to pay Movant just costs and expenses, including attorney fees, incurred as a result of their fraudulent removal.

19. The burden of removing a case to Federal Court rests solely upon the party moving for removal. *Moyer v. Snap-On Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

20. Benedetto Defendants contend that this Court has jurisdiction over this action without ever stating the grounds as to *how* or *why* that would be the case.

21. First, Benedetto Defendants cite to 28 U.S.C. § 1409 as the basis for removal, but does not further expound upon that authority. That statutory provision is entitled "Venue of Proceedings Arising Under Title 11 or Arising in or Related to Cases Under Title 11" and discusses Chapter 11 bankruptcy—not Chapter 7 bankruptcy, which is the specific title under which Defendant Groff has filed his petition. Thus, this statutory provision is inapplicable to the present

5

litigation and, therefore, Benedetto Defendants do not have a statutory basis upon which to remove this matter.

22. Secondarily, Benedetto Defendants argue that Defendant Groff is an indispensable party to the instant action and that claims against Benedetto Defendants cannot proceed "without his presence." *See* Exhibit "I" at ¶9. This contention misrepresents the effect of the stay against Defendant Groff and neglects the fact that default judgment has already been entered against Groff. Simply because Movant's action against Defendant Groff himself is stayed, it does not mean that Groff is precluded from being called as a witness in the action between Movant and Benedetto Defendants. Thus, Groff will certainly be "present" for the proceedings against Benedetto Defendants.

23. Moreover, default judgment has already been entered against Groff. *See* Exhibit "C". Therefore, Defendant Groff would not be a party to the action against Benedetto Defendants even in the absence of Groff's bankruptcy petition. Benedetto Defendants were well aware of this fact as default judgment had been entered against Groff over a year before they fraudulently removed this action to this Court. Groff's bankruptcy petition does not change the fact that the actions against Groff and Benedetto Defendants can, are, and shall remain separated.

24. Benedetto Defendants' removal is simply the newest frivolous attempt to delay and obstruct Movant from bringing this matter to trial and final adjudication. Defendant Groff's bankruptcy petition has absolutely no effect on Movant's action against Benedetto Defendants. This Court does not have jurisdiction over this action under the authority cited by Benedetto Defendants nor any other statutory provision. For that reason, this case must be remanded.

25. Nonetheless, even if this Court did have jurisdiction over Movant's claims against Benedetto Defendants, this Court must abstain from hearing this proceeding and remand it to the

Superior Court because it is based on state law claims and does *not* arise under or in a case under Title 11. 28 U.S.C. § 1334(c)(2). The action against Benedetto Defendants is not at all related to Defendant Groff's bankruptcy proceeding. It was instituted before Groff filed for bankruptcy and is not intertwined whatsoever. This matter can therefore be separated and remanded to the proper venue.

26. "A district court must abstain if the following five requirements are met: (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is 'related to' a case under title 11, but does not 'arise under' title 11 and does not 'arise in' a case under title 11, (3) **federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case;** (4) an action 'is commenced' in a state forum of appropriate jurisdiction; and (5) the action can be 'timely adjudicated' in a state forum of appropriate jurisdiction." *Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006) (emphasis added), *as amended* (Mar. 17, 2006).

27. Once a district court determines that it either must abstain from hearing a removed case pursuant to 1334(c)(2) or should abstain pursuant to 1334(c)(1)'s permissive abstention provisions, it can consider whether there is reason for the action to proceed in state court. *Stoe*, 436 F.3d at 215. If so, there will be an "equitable ground" justifying remand under § 1452. *Id*.

28. It is indisputable that Movant's claims against Benedetto Defendants are based on state law causes of action and that such claims were commenced in a state forum of appropriate jurisdiction (Camden County Superior Court). *See* Exhibit "A".

29. Movant's claims against Benedetto Defendants do *not* arise under nor in a Title 11 case. Movant brought claims against Defendant Groff and Benedetto Defendants under common law negligence causes of action. Default judgment was entered against Groff and he subsequently filed for bankruptcy. The claims against Benedetto Defendants are only related to Groff's

7

bankruptcy in that Groff is a co-defendant of Benedetto Defendants. Benedetto Defendants are effectively seeking a stay of Movant's claims against them with the instant fraudulent removal.

30. All proceedings in a single case are not lumped together for purposes of an automatic stay analysis. *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991). Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in a case. *Id.* Within a single case, some actions may be stayed, while others are not. *Id.* Multiple claim and multiple party litigations must be disaggregated so that claims, counterclaims, crossclaims, and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay. *Id.* at 1205-1205.

31. Benedetto Defendants are non-debtor co-defendants of Groff. The claims against Benedetto Defendants have nothing to do with federal law nor Title 11. This matter is only tangentially related in that a co-defendant, against whom default judgment has already been entered, has filed a Chapter 7 bankruptcy petition during the pendency of this case. That is the only tenuous relation between Movant's claims against Benedetto Defendants and a Title 11 proceeding. Therefore, there is absolutely no basis for this Court to have jurisdiction over this matter.

32. Movant's claims can and must be severed from Groff's bankruptcy proceedings and move forward in state court, as this matter would have likely been disposed but for Benedetto Defendants' fraudulent removal. **In fact, this matter was set for trial on March 21, 2022, in Camden County Superior Court**. Benedetto Defendants' Motion to Stay Proceedings and fraudulent removal have prevented this action from being timely adjudicated in a state forum of appropriate jurisdiction.

33. Therefore, it is clear that all five *Stoe* factors weigh in favor of abstention. For all of the reasons stated above, this matter must then be remanded to state court. There is no cognizable basis for this court to have jurisdiction over this matter, which must be adjudicated in Camden County Superior Court.

34. Lastly, because Benedetto Defendants' removal is fraudulent, Movant should be awarded attorneys' fees pursuant to 28 U.S.C. § 1447(c).

35. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation of removal as a method for delaying litigation and imposing costs on the Movant. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005).

36. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

37. Benedetto Defendants' assertion of federal jurisdiction was fraudulent, meaning that it was made in bad faith and is wholly insubstantial. Zachary D. Clopton & Alexandra D. Lahav, *Fraudulent Removal*, 135 Harv. L. Rev. F. 87, 88 (2021).

38. "[F]raudulent removal wastes judicial resources, needlessly delays proceedings, and offends notions of federalism. It is different than merely forum shopping, but instead is more like form of misrepresentation, a fraud upon the court. If litigation were a game, it would be cheating. But litigation is not a game. When a defendant removes, it should have both a colorable

basis for arguing that the federal court has jurisdiction and the intention to argue that position zealously in support of its motion." *Id.* at 88–89.

39. As discussed above, there is no basis for removal, the removal was untimely, and was effectuated solely for the purpose of seeking a stay or delay of final adjudication of Movant's claims against Benedetto Defendants.

40. Movant has expended time and resources to respond to Benedetto Defendants' fraudulent removal and therefore petitions the Court to award Movant "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

WHEREFORE, Movant Javier Nava, respectfully requests that this Honorable Court remand this matter to the Superior Court, Camden County, New Jersey, and award Movant payment of just costs and expenses, including attorney fees, incurred as a result of the removal.

    Respectfully submitted,

    **LAFFEY, BUCCI & KENT, LLP**

    _____
    Brian D. Kent, Esquire
    1100 Ludlow Street, Suite 300
    Philadelphia, PA 19107
    (215) 399-9255
    bkent@lbk-law.com
    *Attorney for Movant, Javier Nava*

Dated: April 1, 2022